# Third District Court of Appeal

## State of Florida

Opinion filed July 15, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1757
Lower Tribunal No. 20-13644-CA-01
_____

**Jungle Jive, LLC,**
Appellant,

vs.

**Alton Jal, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

The Fabricio Law Firm, P.A., and Thomas P. Fabricio, for appellant.

Harber Law, LLP, and Steven W. Davis, and Maria Soledad Bodero, for appellee.

Before LINDSEY, GORDO and LOBREE, JJ.

LINDSEY, J.

This appeal arises from a landlord-tenant dispute alleging damages for breaches of a lease entered between the parties on June 5, 2017 (the "Lease"), non-payment of rent, and plumbing repairs for a collapsed plumbing line. Appellant, Jungle Jive, LLC, ("Jungle Jive" and/or "Tenant"), appeals a Final Judgment for Appellee, Alton Jal, Inc. ("Alton Jal" and/or "Landlord"). Jungle Jive seeks to reverse only the portion of Judgment as to Count III (Breach of Lease: non-payment of plumbing costs) that determined it was Jungle Jive's obligation to repair the plumbing line because it serviced Jungle Jive exclusively. We affirm.

Jungle Jive raises two issues properly preserved for appeal.[1] First, Jungle Jive contends the trial court erred by misinterpreting the Lease because its unambiguous language, and the evidence adduced at trial, both showed responsibility for the collapsed plumbing line fell to Alton Jal, not

---

[1] Jungle Jive also argues that the trial court abused its discretion by relying on unqualified testimony; and the trial court erred by entering a Final Judgment after a bench trial that contains no findings of fact or conclusions of law, thereby precluding meaningful appellate review. Because Jungle Jive did not raise these issues in its motion for new trial, we are constrained to affirm. See Pescatore v. Fernandez, 409 So. 3d 657, 660 (Fla. 4th DCA 2025), reh'g denied (Apr. 3, 2025), reh'g denied (May 14, 2025) (citing § 90.104(1)(a), Fla. Stat. (2026))("[A]ppellate courts will not consider grounds for objections to the admissibility of evidence unless they have been stated with specificity at trial."); see also Fla. R. Civ. P. 1.530(a) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule.").

2

Jungle Jive. Second, Jungle Jive argues the trial court's conclusion that the plumbing line exclusively serviced Jungle Jive was clearly erroneous and unsupported by competent, substantial evidence.

Further, absent a full transcript of the trial proceedings, we may only reverse the trial court's decision if an error of law appears on the face of the Judgment. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory."); see also 7550 Bldg., Inc. v. Atl. Rack & Shelving, Inc., 999 So. 2d 663, 664 (Fla. 3d DCA 2008) (citation omitted) ("Absent a transcript, this Court may reverse the decision 'only if an error of law appears on the face of the final judgment.'"). We find no error.[2]

---

[2] Absent from the record are full transcripts of the nine days of trial. Rather, only excerpts of a witness' testimony are included. Jungle Jive moved in its reply brief to supplement the record with full certified trial transcripts but only after Appellee pointed out in the answer brief that affirmance was required due to the lack thereof. We deny what was, by that time, Jungle Jive's 's *second* shot at providing a complete record. See Fay v. Craig, 99 So. 3d 981, 982 (Fla. 5th DCA 2012) (citation omitted) ("'[O]pportunity' to supplement the record afforded by [Florida Rule of Appellate Procedure] 9.200(f)(2) is waived or deemed satisfied when a litigant fails to promptly seek to supplement the record after notice is given of a perceived deficiency."); Chisholm v. Chisholm, 538 So. 2d 961, 963 (Fla. 3d DCA 1989) (finding appellant waived opportunity to supplement record on appeal under Rule 9.200(f)(2) and reasoning "an appellate court has no obligation to afford

3

Jungle Jive alternatively contends that the lack of transcript is not fatal because we can resolve the appeal de novo solely on lease construction. Particularly, Jungle Jive argues that whether the trial court correctly applied Lease terms is a pure question of law that is unimpeded by the lack of a complete transcript. Not so. The trial court's determination that maintenance for the collapsed plumbing line was Jungle Jive's exclusive responsibility under section 15.1 of the Lease hinged on the factual determination that the plumbing line serviced only Jungle Jive's premises.

Indeed, in denying Jungle Jive's motion for new trial, the trial court reasoned:

> In this case, Sections 15.1 and 15.2 clearly and unambiguously state that [Alton Jal] would be responsible for the maintenance, repair, and replacement of plumbing lines/systems that were shared between multiple tenants; and [Jungle Jive] would be responsible for the maintenance, repair, and replacement of plumbing lines/systems that serviced only the [Jungle Jive's] Premises. **This**

---

the appellant a second opportunity to create an entire transcript because he ignored the rule when the record on appeal was being prepared."); JOA Corp. v. Lamerica Realty Co. of Miami, 435 So. 2d 972, 973 n.1 (Fla. 3d DCA 1983) (affirming due to incomplete record after affording appellant opportunity to supplement record in accordance with Rule 9.200(a), (b), (f)). Indeed, "[t]o hold otherwise would necessitate our leading the parties by the hand in an attempt to get an adequate record." Kauffmann v. Baker, 392 So. 2d 13, 15 (Fla. 4th DCA 1980); see also Kasowitz v. Kasowitz, 425 So. 3d 773, 774 (Fla. 3d DCA 2025) (citation omitted) ("To a large extent appellants proceed at their peril when they furnish a partial transcript.").

**Court found during the trial that as a matter of fact the plumbing line/system that collapsed serviced only the [Jungle Jive's] Premises, thus the Defendant was responsible for the maintenance, repair, and replacement of same under Section 15.I(a) of the lease agreement**. The Verdict Form at page 2 finds Defendant responsible for re-routing work.

(emphasis added).

Because we have an incomplete record, we cannot review Jungle Jive's argument.[3] This is because we would need the full transcript to determine whether the trial court's factual determination that the plumbing line exclusively serviced Jungle Jive was supported by competent, substantial evidence. See Roberts v. Diaz, 343 So. 3d 156, 158 (Fla. 3d DCA 2022) ("Because there is no transcript of the final hearing, this Court is unable to determine whether there was competent, substantial evidence presented below[.]") (citation omitted). And the trial court's application of sections 15.1 and 15.2 of the Lease to determine maintenance responsibility for the collapsed plumbing line hinged on that factual determination. So, we likewise do not have the record necessary to review Jungle Jive's argument

---

[3] See Applegate, 377 So. 2d at 1152 ("In appellate proceedings the decision of a trial court has the presumption of correctness, and the burden is on the appellant to demonstrate error."); Zarate v. Deutsche Bank Nat'l Tr. Co., 81 So. 3d 556, 558 (Fla. 3d DCA 2012) ("An appellant has the burden to present a record that will overcome the presumption of the correctness of the trial court's findings.").

that the trial court misinterpreted the Lease.  See Scott v. Stewart, 402 So. 3d 420, 422 (Fla. 3d DCA 2024) ("Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.") (citation omitted).

Accordingly, we are constrained to affirm as no error appears on the face of the Judgment.  See Williams v. Jessica L. Kerr, P.A., 271 So. 3d 82, 83 (Fla. 3d DCA 2019) ("The errors articulated on appeal necessarily implicate some factual determinations and are not apparent on the face of the record.  Thus, we find no demonstration of error and affirm the final order under review.").

Affirmed.